UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Respondent,<br><br> v.<br><br>WILLIAM AUBREY,<br><br>        Movant. | Case No. 2:09-cr-00206-KJD-PAL<br>    2:19-cv-02217-KJD<br><br>ORDER |

  Presently before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#227/228) filed December 23, 2019. Having reviewed the motion and finding that it is clearly time barred, the Court must deny the motion. Further, even if the motion was timely, the Court would deny it on the merits.

  Movant was convicted at jury trial of two counts of violating 18 U.S.C. § 1163, embezzlement, theft, misapplication and conversion of money and funds from a tribal organization. See Jury Verdict, Doc. No. 149. He was sentenced on November 22, 2013 and Amended Judgment (#195) was entered December 9, 2013. Plaintiff appealed (#169) his conviction and sentence. The Ninth Circuit Court of Appeals affirmed (#221) the judgment of the court and mandate (#222) issued on November 17, 2015.

  Section 2255 imposes a one-year statute of limitations on a section 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Thus, Movant was required to file the present motion no later than November 17, 2016. However, he did not file the present motion until December 23, 2019. Therefore, his motion is untimely and denied. Further, Movant has failed to identify any "extraordinary circumstances beyond [his] control that made it impossible for [him] to file [his] motion within the appropriate time period." United States v. Schwartz, 274 F.3d

1220, 1223 (9th Cir. 2001). Though Movant cites "newly discovered evidence[,]" he has not stated what that evidence is or why he could not have discovered within one-year of his conviction becoming final.

Essentially, Movant argues that pursuant to the Native American Housing Amendment and Self Determination Act of 1996 ("NAHASDA") and reauthorized in 2008 repealed 18 U.S.C. § 1163. Movant relies on 25 U.S.C. § 4116 for this proposition. However, § 4116, "Regulations", merely requires the promulgation of federal regulations that transfers "assistance for Indian tribes and Indian housing authorities under the United States Housing Act of 1937" to NAHASDA. Therefore, Movant is not entitled to relief.

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Movant has not met his burden in demonstrating that the timeliness of his motion is debatable or that the Court's finding that 18 U.S.C. § 1163 has not been repealed is wrong.

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#227/228) is **DENIED;**

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:19-cv-2217-KJD, and close that case;

///

IT IS FURTHER ORDERED that Movant is **DENIED** a Certificate of Appealability.

DATED this 18th day of February 2021.

                                                    Kent J. Dawson
                                                    United States District Judge